GREGORY, Circuit Judge,
concurring in part and dissenting in part:
In remanding to the district court, the majority does not address the vacated judgment from the first arbitration award. Though I concur in the reasoning of the opinion, I would hold that the district court exceeded its authority in vacating the first award and would reinstate that judgment. Thus, I dissent from the holding to the extent that it does not reverse the vacation of the first award and reinstate the judgment order.
Under federal law, courts give strong deference to arbitration decisions. We have explained that the
*635 [rjeview of an arbitrator’s award is severely circumscribed. Indeed, the scope of review of an arbitrator’s valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law.
Apex Plumbing Supply v. U.S. Supply Co., 142 F.3d 188, 193 (4th Cir.1998) (citations omitted). Thus, courts may vacate arbitration awards only if they meet the narrow statutory factors of Section 10(a) of the FAA, see Wilko v. Swan, 346 U.S. 427, 436, 74 S.Ct. 182, 98 L.Ed. 168 (1953); see also Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir.1994),[1] or if the award demonstrates a “ ‘manifest disregard’ of applicable law.” Gallus Invs., L.P. v. Pudgie’s Famous Chicken, 134 F.3d 231, 233-34 (4th Cir.1998).[2] Additionally, we have explained that “[a'Jrbitration deprives the judiciary of jurisdiction over the particular controversy and the courts have long ruled that there must be strict adherence to the essential terms of the agreement to arbitrate.” Bhd of Ry. & S.S. Clerks v. Norfolk S. Ry. Co., 143 F.2d 1015, 1017 (4th Cir.1944).
In this case, the arbitration agreement explains that “[t]he majority decision of the board shall be final and binding upon all parties to the proceeding. Judgment may be entered upon the final decision of the arbitrators in any court of the proper jurisdiction.” (J.A. 15.) The judgment related to the first arbitration was final and binding at the time the district court offset that award. Given the strong deference toward arbitration decisions, I do not see how the district court could vacate the previous judgment in its consideration of the second arbitration panel’s award. Consequently, I would reverse the district court’s vacation of the first award and reinstate the judgment order to give proper deference to the parties’ arbitration agreement, as required by law.

. Section 10(a) provides:
(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10(a). None of these factors apply to the present case.

. A manifest disregard occurs when "a court’s belief that an arbitrator misapplied the law will not justify vacation of an arbitral award. Rather, appellant is required to show that the arbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision.” Remmey, 32 F.3d at 149.